IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Chief Judge Marcia S. Krieger

Civil Action No. 17-cv-00450-MSK
(Criminal Action No. 12-cr-00420-MSK-1)

UNITED STATES OF AMERICA,

v.

JESUS ROJAS-ALVARADO,

    Defendant.

---

## ORDER DENYING 28 U.S.C. § 2255 MOTION

---

    This matter is before the Court on the *pro se* motion pursuant to 28 U.S.C. § 2255 (ECF No. 198) filed February 17, 2017, by Defendant Jesus Rojas-Alvarado. The Court must construe the § 2255 motion liberally because Mr. Rojas-Alvarado is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will deny the § 2255 motion.

    Mr. Alvarado agreed to plead guilty to the following crimes: one count of conspiracy to possess with intent to distribute and distribution of 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846; one count of possession with intent to distribute 500 grams or more of a quantity of a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and

(b)(1)(A); and one count of possession of a firearm in furtherance of a drug-trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A).  The Court sentenced Mr. Rojas-Alvarado to a total term of 240 months in prison.  Mr. Rojas-Alvarado appealed, but the United States Court of Appeals for the Tenth Circuit dismissed the appeal pursuant to an appeal waiver in Mr. Rojas-Alvarado's plea agreement.  *See United States v. Rojas-Alvarado*, 554 F. App'x 725 (10th Cir. 2014) (per curiam).

Mr. Rojas-Alvarado asserts one claim in the § 2255 motion that counsel was ineffective with respect to the firearm count because counsel's advice to plead guilty to that count was based on an incomplete examination of the evidence supporting the factual basis for the charge.  According to Mr. Rojas-Alvarado, he "just recently discovered the factual predicate required for conviction under the 18 U.S.C. § 924(c) statute and vehemently asserts that his conduct did not fit the statute's description." (ECF No. 198 at 2.)  In particular, he contends he is actually innocent of the firearm count because the discovery of a gun under a pillow in a bedroom is not sufficient to support his conviction under 18 U.S.C. § 924(c)(1)(A).

Pursuant to 28 U.S.C. § 2255(f), a one-year limitation period applies to motions to vacate, set aside, or correct a federal sentence.  That statute provides as follows:

> A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of–
>
> (1)   the date on which the judgment of conviction becomes final;
>
> (2)   the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the

>       movant was prevented from making a motion by such
>       governmental action;
>
>              (3)   the date on which the right asserted was initially
>       recognized by the Supreme Court, if that right has been newly
>       recognized by the Supreme Court and made retroactively
>       applicable to cases on collateral review; or
>
>              (4)   the date on which the facts supporting the claim or
>       claims presented could have been discovered through the
>       exercise of due diligence.

28 U.S.C. § 2255(f).

Generally, the one-year limitation period begins to run when the judgment of conviction in a criminal case becomes final, *see* § 2255(f)(1), and Mr. Rojas-Alvarado concedes his conviction became final more than one year before the instant § 2255 motion was filed. He does not contend that unconstitutional governmental action prevented him from filing the § 2255 motion sooner, *see* § 2255(f)(2), and he is not relying on a newly recognized and retroactive Supreme Court decision, *see* § 2255(f)(3). Although Mr. Rojas-Alvarado asserts that he only recently discovered what sort of factual predicate is necessary to support a conviction under § 924(c)(1)(A), that discovery does not support a later starting date under § 2255(f)(4) because it is apparent that the facts necessary to support the ineffective assistance of counsel claim in the § 2255 motion were known, or could have been discovered through the exercise of due diligence, before his conviction was final. In other words, Mr. Rojas-Alvarado knew the factual basis for the firearm count when he agreed to plead guilty, (*see* ECF No. 60, Plea Agreement and Stipulation of Facts Relevant to Sentencing), and he knew what advice counsel had provided with respect to pleading guilty to that count. Whether he understood the legal

significance of those facts is not relevant to the Court's analysis under § 2255(f)(4). Therefore, the § 2255 motion is time-barred in the absence of some reason to toll the one-year limitation period.

The one-year limitation period in 28 U.S.C. § 2255(f) is not jurisdictional and is subject to equitable tolling in appropriate extraordinary circumstances. *See United States v. Gabaldon*, 522 F.3d 1121, 1124 (10th Cir. 2008). Furthermore, a credible showing of actual innocence provides a gateway to consideration of an otherwise untimely claim of constitutional error as an equitable exception to the one-year limitation period. *See McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013) (considering claim of actual innocence in context of one-year limitation period in 28 U.S.C. § 2244(d)). However, "tenable actual-innocence gateway pleas are rare." *Id.* To be credible, a claim of actual innocence requires a petitioner "to support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995); *see McQuiggin*, 133 S. Ct. at 1936 (applying actual innocence test in *Schlup* to one-year limitation period in § 2244(d)). The defendant then must demonstrate "that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Schlup*, 513 U.S. at 327; *see also McQuiggin*, 133 S. Ct. at 1924. Although the actual innocence test does not require a showing of diligence, untimeliness "bear[s] on the credibility of evidence proffered to show actual innocence." *McQuiggin*, 133 S. Ct. at 1935. Thus, "a federal habeas court, faced with an actual-innocence gateway claim, should count unjustifiable delay on a

habeas petitioner's part, not as an absolute barrier to relief, but as a factor in determining whether actual innocence has been reliably shown."  *Id.* at 1928.

Mr. Rojas-Alvarado fails to allege any facts to support a credible claim of actual innocence under *Schlup*.  Most importantly, he fails to present any new reliable evidence that demonstrates it is more likely than not that no reasonable juror would have convicted him.  Therefore, the Court finds no basis for an equitable exception to the one-year limitation period based on actual innocence.  As a result, the § 2255 motion will be denied as untimely.

Under Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, a "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Under 28 U.S.C. § 2253(c)(2), the Court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right."  Such a showing is made only when "a prisoner demonstrates 'that jurists of reason would find it debatable' that a constitutional violation occurred, and that the district court erred in its resolution."  *U.S. v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  The Court will not issue a certificate of appealability because Mr. Rojas-Alvarado has not made a substantial showing of the denial of a constitutional right.

The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Mr. Rojas-Alvarado files a notice of appeal he also must pay the full $505 appellate filing

fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.   Accordingly, it is

ORDERED that the motion to vacate pursuant to 28 U.S.C. § 2255 (ECF No. 198) is DENIED.   It is

FURTHER ORDERED that no certificate of appealability will issue because Defendant has not made a substantial showing of the denial of a constitutional right.   It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is DENIED without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED this 22nd day of February, 2017.

**BY THE COURT:**

*[signature: Marcia S. Krieger]*

Marcia S. Krieger
United States District Court